

# U.S. Department of Justice

Environment and Natural Resources Division

---

DJ # 90-1-24-177-02366

*Law and Policy Section*                      *Telephone (202) 514-1442*
*P.O. Box 4390*                                *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC 20044-4390*

February 13, 2008

Clerk's Office
U.S. District Court, Northern District of California
1301 Clay St.
Room 400 South
Oakland, CA 94612-5212

      Re:    <u>California Sportfishing Protection Alliance v. Contra Costa Waste Service Recycling Center and Transfer Station</u>, United States District Court Northern District of California, Case No. 3:07-cv-04484

Dear Clerk:

      On December 31, 2007, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3). This provision provides, in relevant part:

> No consent judgment shall be entered in any action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

<u>See</u> also 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.

      The United States requests that, where a consent judgment provides for the payment of sums to a third party which is to undertake a supplemental environmental project (SEP), the third party provide a letter to the Court and to the United States representing that it is a 501(c)(3) tax-exempt entity and that it: (1) has read the proposed consent judgment; (2) will spend any funds it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any funds received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the SEP funds were spent.

      In this case, the Rose Foundation will receive a payment of $35,000 under this consent judgment for a supplemental environmental project. The Rose Foundation has provided a letter making the requisite representations; a copy is attached. The United States believes that this letter will help to ensure that any funds expended under the proposed consent judgment will be used in a manner that furthers the purposes of the Act and is consistent with the law and the public interest.

Given these representations, the United States has no objection to entry of the proposed consent judgment. We accordingly notify the Court of that fact. The United States affirms for the record that it is not bound by this settlement. See e.g., Martin v. Wilks, 490 U.S. 755, 762 (1989) ("A judgment or decree among parties to a lawsuit resolves issues as among them, but does not conclude the rights of strangers to those proceedings"); Hathorn v. Lovorn, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); United States v. Atlas Powder, 26 Env't Rep. Cas. (BNA) 1391 (E.D. Pa. 1987) (The United States is not bound by settlement agreements or judgments in cases to which it is not a party); 28 U.S.C. §§ 516, 519; 131 Cong. Rec. S. 15,633 (daily ed. June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide the United States with a copy of the proposed modifications, forty-five days before the court enters any such modifications. See 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court. Please contact the undersigned at (202) 305-0544 if you have any questions.

        Sincerely,

        */s/ Bradford McLane*
        Bradford McLane, Attorney
        U.S. Department of Justice
        Environment & Natural Resources Division
        Law and Policy Section
        P.O. Box 4390
        Washington, D.C. 20044-4390

cc:    Counsel of Record via CM/ECF system